UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-v.-<br><br>THEODORE J. FARNSWORTH, J. MITCHELL LOWE, and KHALID ITUM,<br><br>Defendants. | 22 Civ. 8226 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On November 3, 2023, the United States of America, by and through the Chief of the Fraud Section, Criminal Division, of the United States Department of Justice, and the United States Attorney for the Central District of California (the "Government"), moved to intervene in this action, seeking a full stay of this action pending the resolution of parallel criminal prosecutions of Defendants in the Southern District of Florida and the Central District of California. (Dkt. #73 (Notice of Motion), 74 (Memorandum of Law ("Gov't Br."))). *See United States* v. *Farnsworth*, No. 22 Cr. 20521 (RNS) (S.D. Fla. Nov. 2, 2022); *United States* v. *Itum*, No. 23 Cr. 82 (VAP) (C.D. Cal. Feb. 17, 2023) (together with *United States* v. *Farnsworth*, the "Criminal Cases"). For the reasons elaborated herein, the Court will grant the Government's motion to intervene, and will stay this case.

As a general rule, courts "have allowed the government to intervene in civil actions — especially when the government wishes to do so for the limited purpose of moving to stay discovery." *Twenty First Century Corp.* v. *LaBianca*,

801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); *see also Sec. & Exch. Comm'n* v. *Credit Bancorp.*, 297 F.3d 127, 130 (2d Cir. 2002). Intervention on these grounds is appropriate, as the Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *Sec. & Exch. Comm'n* v. *Shkreli*, No. 15 Civ. 7175 (KAM), 2016 WL 1122029, at *2 (E.D.N.Y. Mar. 22, 2016) (internal quotation marks omitted) (citing *Sec. & Exch. Comm'n* v. *Chestman*, 861 F.2d 49, 50 (2d Cir. 1988)).

Such is the case here, as discovery in this matter has not yet begun, and the Government represents that allowing discovery to move forward may impair its interest in the enforcement of the criminal laws of the United States. (Gov't Br. 8). Accordingly, the Court grants the Government's application to intervene. *See* Fed. R. Civ. P. 24(a)(2) (permitting intervention as of right where the applicant "claims an interest relating to the property or transaction that is the subject of the action" and the applicant "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest").

Turning next to the Government's requested stay, "a court may decide in its discretion to stay civil proceedings … when the interests of justice … require such action." *Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A.* v. *LY*

*USA, Inc.*, 676 F.3d 83 (2d Cir. 2012) (internal quotation marks omitted) (citing *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936)).  When considering whether to grant a stay, courts balance the following factors:

> [i] the extent to which the issues in the criminal case overlap with those presented in the civil case; [ii] the status of the case, including whether the defendants have been indicted; [iii] the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; [iv] the private interests of and burden on the defendants; [v] the interest of the court; and [vi] the public interest.

*Sec. & Exch. Comm'n* v. *El-Khouri*, No. 19 Civ. 9744 (LAP), 2021 WL 601652, at *2 (S.D.N.Y. Jan. 26, 2021).

In its brief, the Government represents that each factor favors a stay of this matter.  The Court agrees.  For one, the Criminal Cases and the instant SEC civil enforcement action pertain to essentially the same wrongdoing, involving allegedly false and misleading representations made to investors by Farnsworth and Lowe, and alleged embezzlement of company funds by Itum. (Gov't Br. 10-11).  Additionally, all three Defendants have been indicted, which status strongly favors a stay.  *See, e.g.*, *Sec. & Exch. Comm'n* v. *Carroll*, No. 19 Civ. 7199 (AT), 2020 WL 1272287, at *4 (S.D.N.Y. Mar. 17, 2020) ("The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." (quoting *Volmar Distribs.* v. *N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993))).  As to the interests of the parties, the Government represents that Defendants consent to the stay, and that the Securities and Exchange Commission takes no position

on the Government's request for a stay. (Gov't Br. 4, 12). Finally, the Court finds that the interests of both the judicial system and the public favor a stay, pending resolution of the Criminal Cases, given the strong interests against using civil discovery as a potential vehicle to circumvent the restrictions that would otherwise apply in criminal discovery. (Gov't Br. 13-14 (collecting cases)).

Accordingly, the Clerk of Court is directed to STAY this case pending further order of the Court. As the Government represents that trial in *United States* v. *Itum* is scheduled to begin on December 5, 2023, (Gov't Br. 6), the parties are hereby ORDERED to provide this Court with a status update within one week following the conclusion of the *Itum* trial, or any other significant update in either of the Criminal Cases. Thereafter, the parties shall provide status updates to this Court every six months, or within one week of any significant update in either of the Criminal Cases.

The Clerk of Court is further directed to terminate the pending motion at docket number 73.

SO ORDERED.

Dated: November 6, 2023
       New York, New York

                                      KATHERINE POLK FAILLA
                                      United States District Judge