

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

December 23, 2024

**VIA ECF**
Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007



RE: <u>SEC v. Farnsworth, et al.</u>, No. 1:22-cv-8226-KPF (S.D.N.Y.)

Dear Judge Failla:

Plaintiff Securities and Exchange Commission (the "SEC"), joined by Defendant Theodore Farnsworth ("Farnsworth"), respectfully requests that the Court lift its stay of this case (Dkt. No. 75) for the limited purpose of seeking approval of a proposed partial consent judgment against Farnsworth (Dkt. No. 89, the "Proposed Judgment"). The Proposed Judgment would resolve the non-monetary relief that the SEC seeks against Farnsworth in this case but leave open for later resolution by motion (or further settlement) the monetary relief that the SEC seeks against Farnsworth. All Defendants in this case, and the U.S. Department of Justice Criminal Division, which moved to stay this case, have no objection to the Court's lifting the stay for this limited purpose.[1] The SEC and Farnsworth further request that, if the Court temporarily lifts the stay, it approve the Proposed Judgment.

The Proposed Judgment is fair and reasonable and in the public interest. *See, e.g., SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285 (2d Cir. 2014) (setting out standard for reviewing proposed consent judgments in government enforcement actions). Among other things, the Proposed Judgment would permanently enjoin and prohibit Farnsworth from:

- committing violations of the federal securities laws that the SEC charges against him in this case, as set forth in the Proposed Judgment;

- serving as an officer or director of any company that has a class of securities registered under Section 12 of the Securities Exchange Act ("Exchange Act") [15

---

[1] On December 17, 2024, the SEC conferred by email with counsel for Defendants J. Mitchell Lowe ("Lowe") and Khalid Itum ("Itum")—both their counsel of record in this case and in the parallel criminal cases, *United States v. Farnsworth*, 22-cr-20521-DSL (S.D. Fla.); and *United States v. Itum*, 2:23-cr-82-AB-1 (C.D. Cal.) (the "Parallel Criminal Cases"). Defendants' counsels of record in this case did not respond, but their counsels in the Parallel Criminal Cases responded that Defendants have no objection to the SEC's limited request to lift the stay in this case.

U.S.C. § 78*l*] or that is required to file reports pursuant to Exchange Act Section 15(d) [15 U.S.C. § 78o(d)]; and

- directly or indirectly: promoting any issuer of any security; causing the promotion of any issuer of any security; or deriving compensation from the promotion of any issuer of any security.

As described above, the Proposed Judgment would leave open for later resolution the issue of monetary relief. Farnsworth has also been charged in the parallel criminal action, *United States v. Farnsworth*, No. 22 Cr. 20521 (RNS) (S.D. Fla.). The SEC anticipates that the parties will attempt to negotiate a resolution of the monetary relief that the SEC seeks against Farnsworth upon resolution of that case.

The SEC therefore respectfully requests that the Court approve the Proposed Judgment and docket it with Farnsworth's signed consent (Dkt. No. 89).

Respectfully submitted,

/s/ *Elizabeth Butler*
Elizabeth Butler
Senior Counsel
SEC Division of Enforcement

cc:   All counsel of record (by ECF)
      Samuel Rabin, Jr., Esq. (counsel for Farnsworth) (by email)
      Jessica Duque, Esq. (counsel for Farnsworth) (by email)
      David Sarratt, Esq. (counsel for Itum) (by email)
      Joshua Cohen, Esq. (counsel for Itum) (by email)
      Benjamin Stollman, Esq. (counsel for Itum) (by email)
      Margot Moss, Esq. (counsel for Lowe) (by email)
      David Markus, Esq. (counsel for Lowe) (by email)[2]

---

[2] In addition to ECF service, the SEC is serving this letter today by email on the individual listed attorneys, who represent Defendants in the Parallel Criminal Cases.

Application GRANTED.  The Court will lift the stay for the limited purpose of addressing the parties' proposed partial consent judgment against Defendant Farnsworth ("Partial Proposed Judgment").  (Dkt. #89). This case will remain stayed in all other respects.  (*See* Dkt. #75).

The Court has reviewed the Partial Proposed Judgment and concluded that the terms are fair and reasonable, and in the public interest.  *See SEC v. Citigroup Glob. Mkts., Inc.*, 752 F.3d 285, 294 (2d Cir. 2014) ("The standard for reviewing a proposed consent judgment involving an enforcement agency requires that the district court determine whether the proposed consent decree is fair and reasonable, with the additional requirement that the public interest would not be disserved, in the the event that the consequent decree includes injunctive relief." (quotation marks omitted)).  The Second Circuit has stated that there are four factors that a district court is to assess to determine whether a proposed consent judgment is fair and reasonable: (i) the basic legality of the decree; (ii) whether the terms of the decree, including its enforcement mechanisms are clear; (iii) whether the consent decree reflects a resolution of the actual claims in the complaint; and (iv) whether the consent decree is tainted by improper collusion or corruption of some kind.  *Id.* at 294-95.  These factors have been met here, as the Partial Proposed Judgment is legal and clear, and it partially resolves the claims in the Complaint.  There is no evidence on the record to suggest that the agreement is tainted by improper collusion or corruption.  As there is no "substantial basis in the record for concluding the proposed consent decree does not meet these requirements," this Court is "required to enter the order."  *Id.* at 294. The Court will do so under separate cover.

The Clerk of Court is instructed to terminate the pending motion at docket entry 90.

Dated:    December 27, 2024          SO ORDERED.
          New York, New York

                                     *[signature: Katherine Polk Failla]*

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE